Redman Industries, Inc. and Liberty Mutual Insurance Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Samuel H. Mertz, Respondents.

Argued February 5, 1979, before Judges Rogers, DiSalle and MacPhail, sitting as a panel of three.

*John A. Fitzpatrick,* with him *Joseph R. Thompson,* for petitioners.

*John F. Pyfer, Jr.,* with him *Allison & Pyfer,* for respondents.

OPINION BY JUDGE MACPHAIL, March 23, 1979:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board), affirming the referee's decision to award compensation to Samuel H. Mertz (Claimant) and modifying that award to give credit for compensation previously paid. In sustaining the referee's decision, the Board also awarded 10 percent per annum interest for unpaid compensation and counsel fees in the amount of 20 percent of the compensation owed.

Claimant sustained an injury to his left eye when a staple flew into it while he was employed by and working for Redman Industries, Inc. (Employer). A notice of compensation was filed pursuant to which Claimant was reimbursed for medical expenses and paid compensation for nine and three-sevenths (9-3/7) weeks.

On October 21, 1974, Claimant filed a claim petition alleging a specific loss of use of his left eye. Employer denied Claimant's allegations, but offered no testimony at either of the two hearings. The referee reviewed the evidence and ruled that Claimant had established a loss of his left eye pursuant to Section 306(c)(7) of The Pennsylvania Workmen's Compensation Act (Law), Act of June 2, 1915, P.L. 736, *as*

*amended,* 77 P.S. §513(7),[1] and awarded compensation to that section and Section 306(c)(25) of the Law, 77 P.S. §513(25).[2] In addition, the referee awarded interest at the statutory rate of 10 percent per annum and counsel fees in the amount of 20 percent of the award as provided by Section 440 of the Law, 77 P.S. §996.[3] The Board affirmed but gave credit for the

---

[1] For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:

. . . .

(7) For the loss of an eye, sixty-six and two-thirds per centum of wages during two hundred seventy-five weeks. 77 P.S. §513(7).

[2] In addition to the payments hereinbefore provided for permanent injuries of the classes specified, any period of disability necessary and required as a healing period shall be compensated in accordance with the provisions of this subsection. The healing period shall end (I) when the claimant returns to employment without impairment in earnings, or (II) on the last day of the period specified in the following table, whichever is the earlier:

. . . .

For the loss of an eye, ten weeks. 77 P.S. §513(25).

[3] In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: And provided further That if the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer. 77 P.S. §996.

weeks already compensated. It is from this decision that Employer and his insurance company, Liberty Mutual Insurance Company (collectively Appellants) now appeal.

Appellants limited their appeal to this Court to the contention that the Board committed errors of law in concluding that their contest was unreasonable, in awarding attorney's fees and in assessing the attorney's fees in the amount of 20 percent of the compensation awarded.

It is well settled that,

[t]he question of reasonableness of contest goes beyond the mere findings of fact. It is a legal conclusion that must be arrived at based on the facts as found by the referee, if supported by substantial evidence and the record. The scope of review of the Board and this Court, therefore, is to review the conclusion made by the referee to see if an error of law has been committed.

*Hartman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 609, 614, 333 A.2d 819, 822 (1975).

In determining whether or not a contest is unreasonable under the law, we have held that a contest is unreasonable "where no conflicting medical evidence was presented regarding the 'contested' issues of the claimant's disability and his continued treatment for an injury." *Poli v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 630, 634, 384 A.2d 596, 598 (1978) (footnotes omitted). The Appellants herein adduced no evidence at either hearing. Claimant, on the other hand, introduced the detailed testimony of two treating physicians. The physicians' testimony substantiated Claimant's own testimony as to the extent of his blindness and the sub-

stance of his continued treatment. Dr. Ripple testified that Claimant had lost the vision in his left eye for all practical intents and purposes and that the use of the left eye, even with a contact lens, would not improve the vision of the right eye alone. *See Hershey Estates v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 470, 308 A.2d 637 (1973). As previously noted, Appellants offered no contradictory medical testimony. Therefore, we conclude, as a matter of law, that employer has failed to provide us with a reasonable basis for a contest of Claimant's loss of use of his left eye.

Appellants also argue that it was an error of law to award attorney's fees in this case. In construing Section 440 relating, *inter alia,* to the award of attorney's fees in contested workmen's compensation cases, this Court has repeatedly held that, "the award of attorney's fees is the rule and their exclusion is the exception to be applied in cases where the record establishes that the employer's or carrier's contest is reasonably based." *Weidner v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 561, 565, 332 A.2d 885, 887 (1975). Since we have determined that no reasonable basis existed for the contest, we are bound to adhere to the mandates of Section 440, and uphold the Board's award of attorney's fees.

Finally, Appellants complain that an award of attorney's fees in the amount of 20 percent of the compensation awarded constituted an error of law. With this we cannot agree. A review of our applicable case law and Section 442 of the Law, 77 P.S. §998,[4] indi-

---

[4] All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any referee or the board, whether or not allowed as part of a judgment, shall be approved by the referee or board as the

cates that an award of attorney's fees of 20 percent of a workmen's compensation award is reasonable per se. *Workmen's Compensation Appeal Board v. Leuschen,* 21 Pa. Commonwealth Ct. 39, 342 A.2d 810 (1975).

Having found no errors of law in the Board's determination of this case, we affirm.

### ORDER

AND Now, this 23rd day of March, 1979, the order of the Workmen's Compensation Appeal Board, dated November 23, 1977, is hereby affirmed and it is ordered that judgment be entered in favor of Samuel H. Mertz, and against Redman Industries, Inc., defendant, through its insurance carrier, Liberty Mutual Insurance Company, in the following amounts:

1. Compensation at the rate of $106.00 per week for 285 weeks beginning June 7, 1974.

2. Interest at the statutory rate of 10 percent per annum on all deferred payments.

3. Counsel fees in the amount of 20 percent of the compensation awarded.

4. Medical expenses.

5. $25.00 to Dr. R. Elmer Schachterle and $75.00 to Dr. Paul H. Ripple for costs.

Defendant is to be given credit for compensation for nine and three-sevenths (9-3/7) weeks at the rate of $106.00 per week and counsel fees are to be reduced by $199.88 which represents 20 percent of compensation previously paid for nine and three-sevenths (9-3/7) weeks. It is so ordered.

---

case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

77 P.S. §998.