Ollie D. Jones, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and United States Steel Corporation, Respondents.

Argued February 4, 1982, before Judges Blatt, Williams, Jr. and Craig, sitting as a panel of three.

*Joseph S. Bekelja, Margolis, Edelstein and Scherlis,* for petitioner.

*Robert C. Jones,* with him *James D. Strader,* for respondent, United States Steel Corporation.

Opinion by Judge Craig, March 9, 1982:

This is an appeal from an order of the Workmen's Compensation Appeal Board reversing a referee's decision to award penalties and attorney's fees to Ollie D. Jones, claimant, and modifying that award to give credit for benefits previously paid. The award of compensation benefits to the claimant is not on appeal.

By agreement, the claimant received compensation after he injured his right shoulder in a work-related incident on September 28, 1972. He returned to work, but suffered a serious injury to the same shoulder on April 3, 1978. On July 22, 1980, a referee awarded claimant benefits for that second injury, and ordered the employer to pay claimant's attorney's fees and a penalty of 20% of the total award.

The board affirmed the referee's award of compensation, but ordered that the award of attorney's fees and the penalty be deleted. Furthermore, the board granted the employer a credit for sickness and accident benefits it had paid to claimant under a self-insurance plan.

We affirm the portion of the board's decision granting the employer credit for sickness and accident benefits paid under a self-insurance plan and reversing the referee's award of penalties, but we reverse that portion of the board's deicison that deletes the award of attorney's fees.

In construing Section 440 of The Pennsylvania Workmen's Compensation Act (Act),[1] this court has held that "the award of attorney's fees is the rule and their exclusion is the exception to be applied in cases where the record establishes that the employer's or carrier's contest is reasonably based." *Weidner v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 561, 565, 332 A.2d 885, 887 (1975).

In reviewing this question of law,[2] we have previously held that a contest is unreasonable "where

---

[1] Section 440 of the Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §996, provides in pertinent part:
In any contested case where the insurer has contested liability in whole or in part, the employe ... in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee ... Provided, That costs for attorney's fees may be excluded when a reasonable basis for the contest has been established....

[2] The reasonableness of the contest is a legal conclusion which rests on the referee's factual findings supported by substantial evidence in the record. *Edmond v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 458, 402 A.2d 715 (1979). The scope of review of the board and the court, therefore, is "to review the conclusion made by the referee to see if an error of law has been committed." *Hartman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 609, 614, 333 A.2d 819, 822 (1975).

no conflicting medical testimony was presented regarding the 'contested' issues of the claimant's disability and his continued treatment for an injury." *Poli v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 630, 634, 384 A.2d 596, 598 (1978).

Here, the employer presented no medical evidence to rebut the fact of injury established by the claimant's direct case. Rather, it presented the testimony of its own doctor, Joseph C. Koch, M.D., the medical director at the plant where the claimant worked, who testified only that on the day following the injury, the claimant, as he had done since his 1972 injury, reported to Dr. Koch that he needed medication for his shoulder. Although Dr. Koch said that claimant did not report the new injury expressly to him, he acknowledged that claimant continued to undergo tests and receive treatment from a number of his consultants.

Thus the testimony of Dr. Koch "did not provide a sufficiently probative counterinference upon which it could be concluded as a matter of law that the contest was reasonably based." *Murray v. Workmen's Compensation Appeal Board,* 45 Pa. Commonwealth Ct. 3, 9, 404 A.2d 765, 767 (1979). Therefore, the referee's award to claimant for attorney's fees in the amount of 20% of the total award will be reinstated.[3]

In relation to the matter of penalty, this court has construed the relationship between subsections (b) and (d) of Section 435 of the Act,[4] concluding that:

---

[3] Section 442 of the Act, 77 P.S. §998, indicates that an award of attorney's fees of 20% of a workmen's compensation award is reasonable per se. *See Redman Industries, Inc. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 365, 399 A.2d 164 (1979).

[4] Section 435 of the Act, 77 P.S. §991, provides, in pertinent part:

(b) If it appears that there has not been compliance with this act ... the department may, on its own motion give

No penalty may be imposed under subsection (d) absent proof of a violation of the Act or of the rules of the department or board.

....

Not only does a reading of Section 435 in its entirety indicate the Legislature's intention that notice and hearing be provided on the issue of violations, an interpretation which would allow the imposition of penalties for asserted violations without notice and opportunity to be heard would render the proceedings unfair and therefore constitutionally infirm. We ... hold that an apparent offender may not be penalized under subsection (d) without notice and an opportunity to be heard on that issue.

*Crangi Distributing Co. v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 530, 535, 333 A.2d 207, 210 (1975).

Here, the referee did not follow the procedure set forth in Section 435, and therefore the board was correct in reversing his order awarding penalties against the employer.

Finally, the board correctly granted the employer a credit on future installments of compensation for payments that have already been made to claimant. We have often stressed that a claimant does not have the right to a double recovery. *See Workmen's Com-*

---

notice to any persons involved in such apparent non-compliance and schedule a hearing for the purpose of determining whether there has been compliance. The notice of hearing shall contain a statement of the matter to be considered.

....

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure....

*pensation Appeal Board v. Olivetti Corp. of America,*
26 Pa. Commonwealth Ct. 464, 364 A.2d 735 (1976).

ORDER

Now, March 9, 1982, the order of the Workmen's
Compensation Appeal Board dated April 23, 1981, at
No. A-79622, is affirmed to the extent that it grants
the employer credit for sickness and accident benefits
paid and deletes the referee's award of penalties, but
that portion that deletes the award of attorney's fees of
20% to be awarded to claimant is reversed.

It Is FURTHER ORDERED that the case is remanded to
the Workmen's Compensation Appeal Board for a de-
termination of the total amount of benefits paid to
Ollie D. Jones under United States Steel's self-
insurance plan, which amount shall be credited against
the amounts owed by United States Steel under the
board's order amended in accordance with our deci-
sion.