537 A.2d 894

Daniel Santarelli, Petitioner *v.* Workmen's Compensation Appeal Board (Patrick Dougherty Construction), Respondents.

Patrick Dougherty Construction, Petitioner *v.* Workmen's Compensation Appeal Board (Santarelli), Respondents.

Argued September 14, 1987, before Judge CRAIG, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Anthony J. Bilotti*, with him, *Cecelia F. Wambold, Duane, Morris & Heckscher*, and *Gerald J. Haas*, for petitioner/respondent, Daniel Santarelli.

*Ronald F. Bove*, with him, *David A. Pennington, Swartz, Campbell & Detweiler*, for respondent/petitioner, Patrick Dougherty Construction.

OPINION BY SENIOR JUDGE BARBIERI, February 5, 1988:

Before the Court are cross appeals which have been consolidated for our review. Daniel Santarelli (Claimant) suffered a work related injury to his right knee, left ankle and head on July 14, 1980, when he fell off a lad-

der while in the employ of Patrick Dougherty Construction (Employer). Pursuant to a Notice of Compensation Payable Claimant received total disability benefits at the rate of $153.33 based on his pre-injury weekly wage of $230.00 per week. On February 6, 1981, Employer filed a petition for suspension alleging Claimant had totally recovered from his injury. At the same time Employer also requested the grant of a supersedeas, which request was denied by the referee in an interlocutory decision.

The referee, after hearing, found that Claimant still had residual injuries which would prevent him from returning to his former occupation as a laborer and elected to treat Employer's petition for suspension as a petition for modification. The referee accepted the testimony of Employer's vocational expert that there was a part time job available for Claimant with a stage crew that he could perform beginning March 9, 1981. At the close of the hearing the referee also accepted a stipulation by the parties that Claimant had in fact worked for ten weeks with a shipping company at $300.00 per week beginning in March of 1983. Based on these facts, the referee reduced Claimant's compensation to a partial disability rate of $115.33 per week. The referee directed Employer to apply to the supersedeas fund to recoup the overpayments of compensation made since March 9, 1981, based on the difference between the total and partial disability rate, as well as the payments made for the ten week period in March of 1983, when Claimant was working for the shipping company at a higher than pre-injury wage.

Both parties appealed to the Workmen's Compensation Appeal Board (Board). Claimant appealed solely on the grounds that the referee had failed to award attorney's fees. The Board awarded attorney fees based on an agreement filed of record. Employer contended that

compensation should have been suspended instead of modified, but the Board affirmed the referee. Employer also sought to take a credit for excess payments made instead of applying to the supersedeas fund for reimbursement. The Board reversed the referee and held that Employer could take a credit against future compensation payments relying on *Ollie Jones v. Workmen's Compensation Appeal Board (United States Steel Corporation)*, 65 Pa. Commonwealth Ct. 208, 442 A.2d 37 (1982).

Both parties then appealed to this Court. In addition to contesting the supersedeas fund issue, Claimant now for the first time on appeal contends that he is still totally disabled and that Employer did not meet its burden of proving partial disability. We find that Claimant failed to preserve this issue for appeal by not pursuing it before the Board. *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Allstate Insurance Company)*, 96 Pa. Commonwealth Ct. 566, 508 A.2d 388 (1986); *Gomori v. Workmen's Compensation Appeal Board (Conn Construction Co.)*, 61 Pa. Commonwealth Ct. 164, 433 A.2d 142 (1981).

Employer, although conceding Claimant is still partially disabled, continues to contend that because Claimant was able to return to work for a ten week period at a wage greater than his pre-injury wage in March of 1983, benefits should be suspended on a continuing basis as of this date. It is the Employer's burden to prove that other work is available to the claimant which he is capable of obtaining. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). No evidence exists that the job in question was available for more than ten weeks. Consequently, Employer has not met his burden of proof with respect to the petition for suspension. *Oshinski, v. Workmen's Compensation Appeal*

*Board (Lincoln Bank),* 86 Pa. Commonwealth Ct. 181, 484 A.2d 225 (1984).

Finally, we believe the Board erred in granting Employer a credit against future compensation payments instead of directing Employer to apply to the supersedeas fund. Section 443(a) of The Pennsylvania Workmen's Compensation Act (Act)[1] in pertinent part states quite specifically that "(i)f, in any case in which a supersedeas has been requested and denied . . . it is determined that such compensation was not, in fact, payable, the insurer who made such payments shall be reimbursed therefor." Since a supersedeas was requested and denied by the referee in this case, the *Ollie Jones* case relied on by the Board is inapplicable and Section 443(a) applies. *Department of Labor & Industry v. Workmen's Compensation Appeal Board (Bethlehem Mines Corporation),* 79 Pa. Commonwealth Ct. 290, 469 A.2d 705 (1984). *See Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Allstate Insurance Co.),* 96 Pa. Commonwealth Ct. 566, 570, 508 A.2d 388, 390 (1986). Accordingly, the decision of the Board is affirmed with respect to the merits of the case and reversed in that Employer is not entitled to a credit against future compensation payments.

## ORDER

Now, February 5, 1988, the order of the Workmen's Compensation Appeal Board at No. A-87012, dated February 21, 1985, is reversed as to the credit awarded Employer for overpayments made, but affirmed in all other respects.

President Judge JAMES CRUMLISH, JR., did not participate in the decision in this case.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §999(a).