552 A.2d 1177

**W & L Sales Co., Inc., and PMA Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Drake), Respondents.**

Submitted on briefs August 16, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Dennis J. Bonetti, Peters & Wasilefski,* for petitioners.

*Gerard M. Mackarevich,* with him, *Ira H. Weinstock, Ira H. Weinstock, P.C.,* for respondent.

OPINION BY SENIOR JUDGE NARICK, January 27, 1989:

The issue presented in this appeal is whether W & L Sales Co., Inc. (Employer) and its insurer, PMA Insurance Co. (collectively Petitioners) are required to seek reimbursement of overpayments of workmen's compensation benefits paid to Toby L. Drake (Claimant) from the Workmen's Compensation Supersedeas Fund[1] or

---

[1] *See* Section 443 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §999.

whether they may deduct the overpayments from Claimant's future payments of compensation. The referee's order allowing deductions from future compensation payments was reversed by the Workmen's Compensation Appeal Board (Board). We affirm the Board's order.

The procedural history of this case is somewhat unique. Claimant suffered a compensable injury in February of 1983. He was paid total disability benefits of $246.42 per week. The Petitioners filed a modification petition on October 7, 1983, alleging that Claimant had sufficiently recovered to perform employment which the Employer made available to him within his physical limitations. A referee granted the modification petition on March 9, 1984 and Claimant's benefits were reduced to $86.43 per week. On Claimant's appeal, the Board reversed and reinstated Claimant's total disability benefits. The Petitioners appealed to this Court and requested a supersedeas, which was denied. We ultimately affirmed the Board's order in *W & L Sales Co., Inc. v. Workmen's Compensation Appeal Board (Drake)*, 92 Pa. Commonwealth Ct. 396, 499 A.2d 710 (1985), filed October 23, 1985. Accordingly, the Petitioners were obligated to reimburse Claimant for the difference between the partial and total disability rates, which they did.

While the referee's decision was on appeal, Claimant began a light duty job for another employer in July 1984. He notified Employer of this employment December 6, 1984, just two days after the Board reversed the referee's grant of the modification petition.

On May 23, 1985, the Petitioners filed a second modification petition seeking to have Claimant's total disability payments reduced to partial disability payments because of his employment. At the same time, Petitioners requested a supersedeas. On August 21, 1985, a referee granted a partial supersedeas based on

Claimant's earnings and ordered payments of $75.50 per week.[2]

It is not disputed that Claimant received overpayments after he became employed. The referee and Board found the amount of the overpayment to be $9,438.82 and that figure has not been challenged by the Claimant. Both the referee and Board found that this overpayment was not Claimant's fault and the Petitioners have not directly challenged that finding. We note that when the Claimant obtained employment, he was only receiving partial disability payments because of the referee's first order. When that order was reversed, the Board and then this Court ordered the Petitioners to pay benefits at the full disability rate as the issue of Claimant's subsequent employment was not before us. We agree with the referee and Board that neither party is to blame for the bizarre events which resulted in the overpayments here.

The questions of how and to what extent the Petitioners are able to recoup their losses remain. They, of course, seek a credit for the entire amount of the overpayment against future compensation payments. Claimant counters that such a result is not contemplated by the Act, which provides the remedy of a supersedeas fund to limit losses under these circumstances.

Petitioners rely principally upon two cases, *Fahringer, McCarty & Grey, Inc. v. Workmen's Compensation Appeal Board (Green)*, 107 Pa. Commonwealth Ct. 597, 529 A.2d 56 (1987) and *General v. E. Roseman Co.*, 21 Pa. Commonwealth Ct. 72, 343 A.2d 683 (1975). In *Fahringer* our Court *en banc* determined that an employer was entitled to a credit against future compensa-

---

[2] Throughout the course of the proceedings before the referee, Claimant's income increased and corresponding decreases in compensation, whose figures are not relevant here, were ordered.

tion in a situation where a miscalculation of the claimant's weekly wage had resulted in overpayments of compensation. While applying the equitable doctrine of unjust enrichment to allow for the credit, we directed the Board to consider the financial hardship to the claimant in determining the amount to be deducted from his future payments of compensation.

In *General,* we were faced with a situation in which a claimant and his employer had entered into an agreement for a lump sum payment of $7,000 to the claimant for 175 weeks of future disability payments. After the lump sum had been paid, but before the expiration of the 175 weeks, the claimant filed a petition for reinstatement of his compensation. While noting that the claimant's continuing disability was not contested, we nonetheless allowed the $7,000 to be credited against future compensation because a contrary conclusion would have resulted in a double recovery by the claimant.

While these decisions are indicative of our reluctance to countenance unjust enrichment, we must nevertheless note that neither *Fahringer* nor *General* involved the possibility of a supersedeas fund remedy. Claimant here relies on the language of Section 443 of the Act, which provides, in part, as follows:

(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation, was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. ...

(b) There is hereby established a special fund in the State Treasury, separate and apart from all other public moneys or funds of this Commonwealth, to be known as the Workmen's Compen-

sation Supersedeas Fund. The purpose of this fund shall be to provide moneys for payments pursuant to subsection (a) ... .

Additionally, Claimant cites our recent decision in *Santarelli v. Workmen's Compensation Appeal Board (Patrick Dougherty Construction)*, 113 Pa. Commonwealth Ct. 281, 537 A.2d 894 (1988), for the proposition that Section 443 applies here. In *Santarelli*, the claimant was receiving total disability benefits when his employer filed a petition for suspension, alleging a complete recovery. Simultaneously, the employer requested the grant of a supersedeas which was denied. After hearing, the referee determined that the claimant still suffered from residual injuries and elected to treat the employer's petition as one for modification. He reduced claimant's compensation rate based upon the claimant's ability to perform a part-time job the referee found was available to him. In addition, the parties stipulated that the claimant had worked for ten weeks at a wage greater than his pre-injury earnings. The referee directed the employer to apply to the supersedeas fund for reimbursement of the excess monies it had paid to the claimant, both during the period of his partial disability and during the ten weeks when the claimant was employed with no loss of earning power. The Board reversed the referee on that issue and held that the employer could take a credit against future compensation payments. The Board relied on *Jones v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 208, 442 A.2d 37 (1982), a case also cited by the Employer here. In reversing the Board, we held that Section 443 was applicable to the factual situation in *Santarelli* and that *Jones* was inapposite because there had been no supersedeas request therein. (We note that *Jones* also involved credit for sickness and accident benefits previously paid, further distinguishing it from the facts here.)

We must agree with Claimant that the facts of *Santarelli* are the most closely analogous to the situation before us, in which a supersedeas was sought and denied. The Petitioners argue that their remedy will be incomplete in that the supersedeas was not requested until May 23, 1985. As Claimant points out, the Petitioners were aware in the beginning of December, 1984 of the Claimant's job. Rather than attempting to seek a modification at that time, the Petitioners proceeded with their appeal on the first modification petition, which was ultimately denied.

Petitioners further contend that the result we reach here is inequitable and would result in "an avenue for gross abuse of the worker's compensation system ... ". (Brief p. 13.) It is not disputed that the Claimant here has received an overpayment. However, as we stated in *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Allstate Insurance Co.)*, 96 Pa. Commonwealth Ct. 566, 570, 508 A.2d 388, 390 (1986)[3]:

> The obvious purpose of the [supersedeas fund] is to provide a means to protect an insurer who makes compensation payments to a claimant who ultimately is determined not to be entitled thereto. The Legislature recognized that recoupment from the claimant was impractical and would undermine the benevolent purposes of the Act.

In any case involving a supersedeas fund reimbursement, it is simply a fact that a claimant has received benefits to which he is not entitled. As we pointed out in *Allstate*, the Supersedeas Fund was created by the Legislature and it is up to that body, not this Court, to correct any perceived inequities in its operation.

---

[3] Although *Allstate* involved a suspension petition, Section 443, by its terms, also applies to modification petitions.

The Board's order is hereby affirmed.

ORDER

AND NOW, this 27th day of January, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.