**Darlene POWELL, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (COMMUNITY DIALYSIS CENTER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 9, 2001.

Decided Jan. 8, 2002.

---

Joseph B. Steele, Erie, for petitioner.

J. Eric Barchiesi, Pittsburgh, for respondent.

Before PELLEGRINI, Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Darlene Powell (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed in part, reversed in part and remanded in part an order of a Workers' Compensation Judge (WCJ). We quash Claimant's Petition for Review.

Claimant filed a Reinstatement Petition alleging that, as of August 24, 1996, she again experiences a complete loss of earning power as a result of a January 10, 1994 work-related injury. Community Dialysis Center (Employer) filed an Answer denying the allegations in Claimant's petition. Claimant also filed a Penalty Petition alleging that Employer has violated the Workers' Compensation Act (Act)[1] by deducting money from her paycheck to reimburse itself for a supposed previous overpayment of compensation. In support of her contention, Claimant cited the case of *Murphy v. Workmen's Compensation Appeal Board*, 146 Pa.Cmwlth. 366, 605 A.2d 1297 (1992) (when there is an overpayment of compensation, the employer must obtain relief from the Supersedeas Fund, not from the claimant). Employer filed an

Answer denying the allegations set forth in Claimant's petition.

No testimony was taken before the WCJ. Rather, the parties submitted Claimant's wage records from July of 1996 to March 31, 1997. Upon review of this evidence, the WCJ made the following relevant findings of fact:

10. ... this Judge finds the Claimant was overpaid compensation benefits from July 1, 1996 through September 30, 1996, in the total amount of $786.67. I also find the Claimant was underpaid compensation from October 1, 1996, through December 31, 1996, in the total amount of $245.81, when the Employer used self-help and deducted approximately $20.00 per week from Claimant's benefits to recoup the overpayments made to her. The Employer resumed compensation benefits to the Claimant January 1, 1997, through March 31, 1997, without deduction which resulted in another period of overpayment of compensation in the total amount of $100.98. This Judge finds that the total amount of overpayment made to the Claimant by Employer is $641.75. Accordingly, the Claimant would not be entitled to a reinstatement of benefits.

11. This Judge finds that Employer did violate the provisions of the ... Act by unilaterally withholding moneys from Claimant's partial disability benefits to repay themselves for the overpayment made to Claimant.

12. In support of the claim for imposition of attorney's fees for unreasonable contest, Claimant's counsel has submitted an hourly breakdown of time expended in prosecution of this case ... Given this Judge's Conclusion, below, that the Employer and its workers' compensation insurance carrier have met

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2606.

the burden of proving reasonable grounds for contest of this case, this Judge need not review this *quantum meruit* statement under the standards of Section 440(b) of the Pennsylvania Workers' Compensation Act.

Accordingly, the Judge also made the following Conclusions of Law:

1. The Claimant has failed to meet the burden of proof required to support the Petition for Reinstatement of Compensation Benefits. Therefore, the Claimant's Reinstatement Petition will be denied and dismissed.

2. The Claimant has met the burden of proof required to support the Penalty Petition ... Therefore, the Claimant's Penalty Petition will be granted.

3. The Employer and its workers' compensation have met the burden necessary to prove reasonable grounds for contest of the Penalty Petition, inasmuch as the Claimant has received an overpayment of compensation and, inasmuch as, ultimately, it is within the discretion of this Judge to determine whether the Employer has presented extenuating circumstances pertinent to the violation of the Act (such as the overpayment in this case) sufficient to excuse the violation ...

■ Employer did not appeal the WCJ's decision. However, Claimant did appeal to the Board, which determined that the WCJ correctly concluded that Employer presented a reasonable contest. Therefore, the Board affirmed this part of the WCJ's decision. However, the Board also determined that, pursuant to *Oaks v. Workers' Compensation Appeal Board (LTV Steel Corporation)*, 720 A.2d 836 (Pa. Cmwlth.1998) (although calculating a claimant's post-injury earning power on a weekly or bi-weekly basis may be inconvenient, that inconvenience is not sufficient to justify reducing the total amount of compensation that a claimant receives), Claimant was entitled to have her calculation of wages made based on wages actually received rather than on a quarterly averaging basis. Therefore, the Board reversed this aspect of the WCJ's decision and remanded this case back to the WCJ "for the limited purpose of calculating the Claimant's benefits on a weekly basis and thereafter making the appropriate adjustment to the WCJ's Order." The Board further held that Claimant's underpayment occurred after the effective date of Act 57 and was therefore not governed by the principles set forth in *Murphy*.[2] This appeal followed.[3]

Claimant sets forth three bases for her appeal: 1) the decision of the WCJ permit-

2. Act of June 24, 1996, P.L. 350. Act 57 was signed into law on June 24, 1996. Generally, it became effective 60 days later on August 23, 1996. However, the sections regarding offsets for certain pensions, determination of partial disability based on AMA guides, changes in establishing earning power and changes in the calculation of the average weekly wage took effect immediately for injuries occurring on or after June 24, 1996. It is important to note that when the substantive rights of a claimant are affected, the date of injury is determinative when ascertaining whether the Act 57 amendments apply to a specific case. *See Giant Eagle Inc./OK Grocery Company v. Workers' Compensation Appeal Board (Weigand)*, 764 A.2d 663 (Pa.

Cmwlth.2000). Because Claimant's injury occurred on January 10, 1994, the Act 57 amendments affecting substantive rights would not apply to this case. *See Oaks* at 837, n. 2.

3. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

ting Employer to take a credit for overpayments made prior to August 26, 1996 violates *Murphy*, 2) the decision of the WCJ condoning Employer's use of self-help violates *Baksalary v. Smith*, 579 F.Supp. 218 (E.D.Pa.1984) (automatic supersedeas violates due process), and 3) the WCJ erred by finding that Employer presented a reasonable contest because it withheld benefits in violation of the Act and because it had knowledge that Claimant was removed from limited duty work because of her work-related injury.

■ Employer asks this Court to quash Claimant's appeal because the Board remanded this case to the WCJ. Therefore, Employer contends that the order of the Board was not a final order and is not subject to appeal. We agree.

Claimant argues that the Board erred by affirming the decision of the WCJ denying Claimant's Reinstatement Petition. Conversely, Employer argues that the Board was correct in affirming this aspect of the WCJ's decision. However, this is not what occurred. Admittedly, the Board's decision as to whether the WCJ's denial of the Reinstatement Petition was reversed and remanded is not set forth explicitly. However, the Board reversed the decision of the WCJ in part and remanded this case back to the WCJ because Claimant's wages were calculated incorrectly. Because the WCJ determined in Finding of Fact No. 10 that, based on these incorrect calculations "Claimant would not be entitled to a reinstatement of benefits", it logically follows that the issue of whether Claimant is entitled to a reinstatement of benefits has been reversed and remanded back to the WCJ, as proper wage calculations are a condition precedent to determining whether a reinstatement of benefits is proper. Thus, Claimant's appeal as to this issue is premature because "[a] Board order remanding a case to the WCJ for further action is interlocutory and cannot be appealed until the WCJ has issued his subsequent order." *Shuster v. Workers' Compensation Appeal Board (Pennsylvania Human Relations Commission)*, 745 A.2d 1282, 1285 (Pa. Cmwlth.2000). In other words, whether Claimant is entitled to a reinstatement of benefits has not yet been finally decided because the WCJ has yet to make new wage calculations. Additionally, because the amount of compensation benefits payable to Claimant will likely change, it is premature to challenge that aspect of the Board's decision affirming the WCJ's denial of Claimant's claim for attorney's fees.[4] If Employer is not forced to pay Claimant's attorney's fees, Claimant will have to pay 20% of her benefits to her attorney as per the fee agreement. Therefore, it is appropriate to have a proper wage calculation performed before this issue is addressed, as it is impossible for Claimant's attorney to collect 20% of an amount that has yet to be determined.

However, we note that Claimant does raise a valid point as to the Board's statement that *Murphy* does not apply to this case because of when Claimant received payments in relation to the effective date

4. We also note that this is apparently the only aspect of the WCJ's order that the Board affirmed. The rest of the order was apparently reversed and the case remanded to the WCJ to recalculate benefits and then make appropriate adjustments his order. Additionally, we note that the Board affirmed the WCJ's denial of attorney's fees for a different reason than the one given by the WCJ. Furthermore, as to whether a contest is reasonable or not for the purpose of an award of attorney's fees pursuant to Section 440(a) of the Act, 77 P.S. § 996, this Court has held that "[g]enerally, a reasonable contest is one which is prompted by a genuinely disputed issue and not merely done to harass a claimant." *LaChina v. Workmen's Compensation Appeal Board (Dana Corp.)*, 664 A.2d 204, 206 (Pa.Cmwlth.1995).

of Act 57.[5] This Court can find no support for the Board's assertions in this regard. *Murphy* simply sets forth the principle that, when there is an overpayment, an employer should seek reimbursement from the Supersedeas Fund rather than the Claimant. Furthermore, Section 443 of the Act provides that:

> (a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.
>
> (b) There is hereby established a special fund in the State Treasury, separate and apart from all other public moneys or funds of this Commonwealth, to be known as the Workmen's Compensation Supersedeas Fund. The purpose of this fund shall be to provide moneys for payments pursuant to subsection (a)...

77 P.S. § 999. Act 57 did not change the law with regard to reimbursement from the Supersedeas Fund in cases where an overpayment of benefits has occurred.

However, we also note that the *Murphy* decision has been called into question, as this Court has held that in the alternative an employer may recover overpayments directly from the claimant in order to prevent *unjust enrichment* rather than seeking reimbursement from the Supersedeas Fund. *See Kiebler v. Workers' Compensation Appeal Board (Specialty Tire of America)*, 738 A.2d 510 (Pa.Cmwlth.1999) (relying on *Fahringer, McCarty & Grey, Inc. v. Workmen's Compensation Appeal Board (Green)*, 107 Pa.Cmwlth. 597, 529 A.2d 56 (1987)).[6] *See also Lucey v. Workmen's Compensation Appeal Board (Vy Cal Plastics PMA Group)*, 557 Pa. 272, 732 A.2d 1201 (1999). However, Employer did not appeal the WCJ's decision finding that it improperly withheld money from Claimant's benefits. Nevertheless, as explained above, a proper wage calculation has not been made and it has not yet been determined whether an overpayment actually occurred. Thus, this issue is not yet subject to our appellate review.[7]

Also, it is evident that both Claimant and Employer are confused as to another aspect of this case. Again, this is understandable given that the Board's decision

---

5. As to whether the Act 57 amendments are retroactive, a statute that affects substantive rights cannot be applied retroactively. Conversely, if a statute is merely procedural and does not affect substantive rights, it can be applied retroactively. As this Court stated in *Giant Eagle Inc./OK Grocery Company v. Workers' Compensation Appeal Board (Weigand)*, 764 A.2d 663, 667 (Pa.Cmwlth.2000) "[t]o retroactively apply Section 4 of Act 57 to Section 306(b)(1) of the Act would alter Claimants' vested property rights to have their benefits calculated as of the date of their injuries." Thus, the date that benefits were paid was not controlling. Rather, "[t]he law in effect on the date of injury determines the method of calculating benefits." *Id.* at 668.

6. We also note that "because an employer may only recover from the Supersedeas Fund

monies improperly paid to a claimant after the date of its application for a supersedeas .... we believe that it may be possible under the Act for an employer to apply to the Fund to recover monies overpaid *after* the filing of the supersedeas petition *and* to seek a credit directly from the claimant for monies paid *before* employer sought a supersedeas." *Kiebler* at 515, n. 8. *See also W & L Sales Co. v. Workmen's Compensation Appeal Board (Drake)*, 123 Pa.Cmwlth. 158, 552 A.2d 1177 (1989).

7. Additionally, although Act 57 made changes with regard to the calculation of a claimant's average weekly wage, these provisions only affect claimants whose injuries occurred on or after June 24, 1996. *See supra* note 1.

is not entirely clear as to which parts of the WCJ's decision were reversed and remanded. Claimant argues that the WCJ and the Board erred by allowing Employer to take a credit for overpayments. However, the WCJ's order specifically states that "Employer .... may **not** recoup any overpayment from the Claimant but, rather, may proceed against the.... Supersedeas Fund." (emphasis added). Therefore, it is clear that the WCJ did not allow Employer to take a credit for overpayments. Nonetheless, any appeal is premature because of the lack of a proper wage calculation.

Accordingly, Claimant's Petition for Review is quashed.

### ORDER

AND NOW, January 8, 2002, Claimant's Petition for Review is hereby QUASHED.