George General, Appellant, *v.* E. Roseman Co., Coal Operator's Casualty Co., Insurance Carrier, and Workmen's Compensation Appeal Board, Appellees.

Submitted on briefs, June 6, 1975, to Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Gerald J. Haas,* for appellant.

*Walter J. Timby, Jr.,* for appellees.

OPINION BY JUDGE KRAMER, August 11, 1975:

This is an appeal by George General[1] from a portion of an order of the Workmen's Compensation Appeal Board, dated February 15, 1973, which offset a $7,000 payment by the E. Roseman Company against General's workmen's compensation benefits. General maintains that the agreement under which the $7,000 was paid to him was illegal under section 407 of the Pennsylvania Workmen's Compensation Act,[2] and that, as a result, the offset ordered by the Board was in error. We disagree and affirm.

General was injured on October 29, 1963, and an agreement was entered into providing compensation for total disability at the rate of $40.00 per week. On February 13, 1969, Roseman (the employer) filed a petition to terminate the compensation agreement, effective February 12, 1969. At this point the parties negotiated a settlement, there existing a contested factual issue re-

---

1. This case was returned to this Court upon remand by the Supreme Court. The Supreme Court's decision has no effect upon the merits of the instant appeal. *See General v. E. Roseman Co.,* Pa.    , 336 A. 2d 287 (1975).

2. Act of June 1, 1915, P.L. 736, *as amended,* 77 P.S. §731.

garding whether surgery could restore General's health to the point where he might resume work. General agreed to stipulate that Roseman's petition should be granted in exchange for $7,000, representing a prepayment of 175 weeks of total disability benefits at $40.00 per week. The agreement was presented to the referee, who granted the prayer of the petition on May 28, 1969. Before the referee issued the order granting the prayer of the petition, the effect of the agreement was fully explained to General.

On June 5, 1970, General filed a petition to reinstate benefits and Roseman asserted the agreement as a partial defense. General countered with the assertion that the agreement was "wholly null and void" under section 407 of the Act, and the referee agreed. The Board reversed and ordered the offset, and General now appeals to this Court.

There is no question raised concerning General's right to compensation of $40.00 per week. Roseman's appeal to the Board, and General's appeal to us only question Roseman's right to have the $7,000 lump sum payment credited toward its ultimate liability. General seeks a double recovery and asks us to ignore the $7,000 payment because of the language of section 407 of the Act. The relevant portion of this section reads as follows:

". . . any agreement . . . permitting a commutation of payments contrary to the provisions of this act, or varying the amount to be paid or the period during which compensation shall be payable as provided in this act, shall be wholly null and void."

General's position is that the agreement was contrary to the Act and could not be considered in any way by the compensation authorities, despite the fact that General admitted that he received the $7,000.

Even assuming (without deciding) that lump sum settlements are contrary to the provisions of the Act,[3]

---

3. *See Wahs v. Wolf*, 157 Pa. Superior Ct. 181, 42 A. 2d 166 (1945).

General's argument fails. If the agreement is null and void, Roseman cannot utilize it to *avoid* further liability, and General still has all of his rights under the Act, as evidenced by the reinstatement of benefits he now enjoys. He does not, however, enjoy the right to a double recovery. There is a distinction between an acknowledgment of *the fact of payment,* on the one hand, and the agreement under which payment was made, on the other. Section 407 guarantees General that none of his rights under the Act can be contracted away, but does not guarantee a double recovery of benefits.[4]

Accordingly, we

## ORDER

AND NOW, this 11th day of August, 1975, it is ordered that the order of the Workmen's Compensation Appeal Board in the above-captioned matter, dated February 15, 1973, is affirmed; and it is further ordered that E. Roseman Company and/or its insurance carrier, Coal Operator's Casualty Company, pay to George General compensation for total disability at the rate of $40.00 per week, beginning July 5, 1972, and continuing thereafter until such time as his disability ceases or changes in extent or character, together with legal interest for compensation withheld or not paid, all consistent with the provision of The Pennsylvania Workmen's Compensation Act.

---

4. For cases indicating that payments "in lieu of compensation" should be credited against compensation due, *see Temple v. Pennsylvania Department of Highways,* 445 Pa. 539, 285 A. 2d 137 (1971) and *Chase v. Emery Manufacturing Co.,* 271 Pa. 265, 113 A. 840 (1921).