632 A.2d 1058

**Richard CHENE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (GIANT EAGLE, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 10, 1993.

Decided Oct. 21, 1993.

John T. Bender, for petitioner.

LuAnn Haley, for respondent.

Before COLINS and PELLEGRINI, JJ., and KELTON, Senior Judge.

PELLEGRINI, Judge.

Richard Chene (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming the Referee's decision suspending his workmen's compensation benefits.[1]

Claimant was employed by Giant Eagle, Inc. (Employer) as a part-time baker from June of 1987 until September 1, 1987, when he suffered a compensable work-related head injury. A Notice of Compensation Payable was issued and Claimant was granted benefits.[2] On March 30, 1989, Employer filed a Suspension Petition, as well as a request for a supersedeas alleging that as of March 27, 1989, Claimant was capable of returning to work and had been offered a part-time baker's position at the same rate of pay, which he refused. Claimant filed an answer denying Employer's allegations and opposing the supersedeas. The Referee granted the supersedeas in June of 1989.

At the hearing before the Referee, Claimant testified that he was injured when he slipped and fell on ice in a freezer at work and hit his head. As a result of his head injury, he testified that he suffered from dizzy spells, weakness in his right hand and leg, and speech difficulties. According to Claimant, he fatigued easily, was unable to lift more than five to ten pounds of weight with his right hand, and needed to either use a cane or wear a brace on his right leg to walk. Claimant testified that because of these difficulties, he was unable to perform his pre-injury job duties.

1. The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

2. Claimant's benefits were based on an average weekly wage of $267.68 for approximately 35 hours per week.

In support of his contention that he was unable to perform the duties of a part-time baker, Claimant presented the testimony of David M. Lobas, M.D., board certified in neurology, and Catherine M. Birk, M.D., board certified in physical medicine and rehabilitation. Both doctors testified that Claimant could not return to his pre-injury position due to cognitive impairments and impaired motor function and coordination of the right side of the body. Dr. Birk, however, testified that Claimant could perform certain tasks associated with being a baker if his hours were reduced and he was not required to work around machinery.[3]

Employer contended Claimant was capable of returning to either his pre-injury position or the position modified to meet the concerns of Dr. Birk. The modified position, while paying the same hourly rate, was limited to 24 hours per week permitting Claimant to work no more than 5 hours per day if needed. Claimant offered in rebuttal the testimony of a former employee of Employer regarding the duties of Claimant's pre-injury position and Employer's willingness to accommodate injured employees. The Referee excluded this testimony as irrelevant.

In support of its contention that Claimant was capable of returning to his pre-injury position, Employer presented the testimony of Eileen M. Rice, M.D., board certified in clinical neurology. Dr. Rice testified that there was no evidence Claimant suffered from any work-related disability and was capable of returning to his pre-injury position without restriction. In addition, William Tiegel, M.D., a specialist in family practice and industrial medicine, testified that he had been Claimant's family physician for approximately 20 years and that Claimant always had a slow, halting speech pattern to

3. On March 16, 1990, Employer notified Claimant that it would be willing to modify the available position to meet the concerns of Dr. Birk by restricting him to working with non-hazardous machinery, permitting him to work at a reduced pace with frequent rests, or assigning him to handing out bakery samples only. Claimant testified that he was also unable to perform the duties of the modified position because of his injury.

which there was not a marked change after the work-related head injury.

Based on the testimony of Dr. Rice and Dr. Tiegel, the Referee found that Claimant had suffered only a minor work-related head injury on September 1, 1987. The Referee found that Claimant was capable of returning to his pre-injury part-time baker position as offered by Employer on March 27, 1989, but failed to do so. The Referee specifically found the testimony of Claimant to be not credible and rejected the testimony of his medical witnesses where they differed from that of Dr. Rice regarding disability. Claimant appealed to the Board which affirmed the Referee. Claimant filed the Petition for Review now before us.[4]

In his brief, Claimant contends that the Referee's decision suspending benefits was in error because:

• the reduced hours the position offered would not have provided his pre-injury earning capacity;

• if a suspension was proper, by offering the modified position, Employer conceded he was incapable of performing the pre-injury position offered in March of 1989 and, thus, the proper suspension date would have been in March of 1990; and

• the Referee improperly excluded the testimony of the former employee of Employer as it was relevant and admissible.

Employer contends that these issues were waived because they were not raised in Claimant's Petition for Review to this court nor encompassed in the only issue raised which states:

The Board erred in affirming the Referee's determination that the Defendant met its burden of proving the Claimant could return to work, based upon the opinions of Dr. Eileen M. Rice. Dr. Rice's opinions are equivocal and not well-

---

4. Where the Board has not taken additional evidence, our standard of review is limited to determining whether constitutional rights have been violated, an error of law has been committed, or necessary findings of fact are supported by substantial evidence. *Haines v. Workmen's Compensation Appeal Board (Clearfield County)*, 146 Pa.Commonwealth Ct. 437, 606 A.2d 571 (1992).

reasoned. Thus, Dr. Rice's testimony does not constitute the type of substantial, competent evidence necessary to support the termination of benefits in a case such as this.

As to this issue, Employer contends that because it was not addressed in Claimant's brief, it is also deemed waived. Because no issue is preserved, Employer argues this appeal should be dismissed. We agree.

We have consistently held that pursuant to Pa.R.A.P. 1513(a), an issue not raised in the Petition for Review is considered waived and will not be addressed by this court. *Associated Town "N" Country Builders, Inc. v. Workmen's Compensation Appeal Board (Marabito)*, 95 Pa.Commonwealth Ct. 461, 505 A.2d 1358 (1986), *affirmed*, 515 Pa. 564, 531 A.2d 425 (1987). *See also Glesk v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 202, 525 A.2d 1249 (1987). Likewise, an issue raised in a Petition for Review but not argued in the claimant's brief is waived. *Tyler v. Unemployment Compensation Board of Review*, 139 Pa.Commonwealth Ct. 598, 591 A.2d 1164 (1991).

To properly preserve an issue, a Petition for Review filed pursuant to Rule 1513(a) requires only a general statement of the objections to the determination to be reviewed and provides that the general objections "will be deemed to include every subsidiary question fairly comprised therein," none of the issues raised in his brief fell within that ambit. Whether Claimant would suffer a loss of earning power in the position offered, whether suitable work was offered in March of 1989 or 1990, and whether exclusion of a witness was proper are not subsidiary issues comprised in Claimant's only objection that there was insubstantial evidence to support the Referee's finding that Claimant could return to his pre-injury position.

Because the only issues addressed in Claimant's brief cannot be deemed to be "fairly comprised" within the unaddressed issue raised in his Petition, those issues are not properly preserved and cannot be considered. *Associated Town "N" Country*. Likewise, because Claimant did not address the issue of whether there was substantial evidence to

support the Referee's finding that he could return to his pre-injury job, that issue is also waived.

Accordingly, the order of the Workmen's Compensation Appeal Board suspending Claimant's benefits is affirmed.

*ORDER*

AND NOW, this 21st day of October, 1993, the order of the Workmen's Compensation Appeal Board dated February 4, 1993, No. A91–2124, is affirmed.