**BORDA CONSTRUCTION, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BORDA), Respondent.**

**Steve BORDA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BORDA CONSTRUCTION COMPANY), Respondent.**

**Steve BORDA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BORDA CONSTRUCTION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 2, 1996.

Decided Feb. 20, 1997.

Dennis J. Kusturiss, Pittsburgh, for petitioner.

Fred C. Trenor and Anthony C. Carone, Pittsburgh, for respondent.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

FLAHERTY, Judge.

Before this court are the petitions for review filed by Steve Borda (Claimant) and Borda Construction, Inc. (Employer) from orders of the Workmen's Compensation Appeal Board (Board) dated January 10, 1996. The Board, in its orders, affirmed the decision of the Workers' Compensation Judge (WCJ) granting Employer's termination petition but reversed the WCJ's determination that Employer was entitled to take a credit for overpayments made to Claimant. We affirm.

The procedural history of this case is as follows. On March 31, 1992, Claimant injured his back when he fell approximately 12 feet and landed at the base of a manhole. Employer issued a notice of compensation payable (NCP) on April 17, 1992, accepting liability for two broken vertebrae in the lower back. A corrected NCP was issued on June 16, 1992. Employer paid Claimant a weekly compensation rate of $227.50 based on an average weekly wage of $284.35.

On September 20, 1993, Employer filed termination and medical review petitions, alleging that Claimant had fully recovered from his work-related injury as of September 1, 1993, and that medical and/or chiropractic treatment was no longer reasonable or necessary. Employer also filed a supersedeas request. On December 8, 1993, the WCJ denied Employer's request for a supersedeas as to the medical benefits, but granted a supersedeas regarding the termination petition.

On May 4, 1994, Claimant filed a petition to review compensation benefits alleging the corrected NCP dated June 16, 1992, failed to state the correct average weekly wage and benefit rate.

On June 9, 1994, the WCJ issued a decision regarding Employer's termination and medical review petitions, which were consolidated for disposition. As to the termination petition, the WCJ determined that Employer met its burden with substantial competent evidence that Claimant fully recovered from his work-related injury and was able to return to his employment without restriction and terminated Claimant's benefits effective September 1, 1993. The WCJ also determined that Employer had a reasonable basis to file its petition and therefore, denied Claimant's request for attorney's fees. With respect to the medical review petition, the WCJ granted the petition effective June 8, 1994. Again, because the WCJ determined that Employer had reasonable basis to file the medical review petition, Claimant's request for attorney's fees was denied. Claimant appealed the WCJ's determination on both the termination and medical review petitions to the Board.

Thereafter, on October 21, 1994, the WCJ issued a decision regarding Claimant's review petition. The WCJ found that the parties had stipulated that Employer's insurance carrier incorrectly determined Claimant's average weekly wage and that the correct weekly wage was $393.24, entitling Claimant to total disability benefits at a rate of $262.16. The WCJ held that Claimant was, therefore, entitled to back benefits of $34.66 per week ($262.16—$227.50) for the period from April 7, 1992, through September 1, 1993, for a total of $2,530.18. The WCJ also noted that Claimant was overpaid $227.50 per week from September 1, 1993, (the supersedeas request date) through December 8, 1993, (the date of the WCJ's decision granting Employer's termination petition) for a total of $4,225.00. As such, the WCJ determined that Claimant was not entitled to receive back benefits totaling $2,530.18 because

Claimant was overpaid $4,255.00. Claimant's request for attorney's fees was also denied. Claimant appealed to the Board.

On January 10, 1996, in two separate orders, the Board affirmed the decision of the WCJ terminating Claimant's benefits, but reversed the determination of the WCJ that Employer was permitted to offset overpayment of benefits against benefits owed to Claimant. This appeal followed.[1]

### Termination Petition

■ Initially, we will address Claimant's contention that substantial evidence does not exist to support the determination that he fully recovered from his work-related injury. Here, Claimant contends that the WCJ erred in relying on the testimony of Employer's witness, Dr. Laing, because his testimony was contradictory and equivocal as he acknowledged that Claimant had complaints of pain. Whether medical testimony is equivocal is a conclusion of law to be reviewable by this court on appeal. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board*, 66 Pa.Cmwlth. 579, 445 A.2d 843, (1982).

■ Dr. Laing testified that as of the date of his exam on September 1, 1993, Claimant had fully recovered from his work-related injury. (R.R. 70a.) Although he acknowledged that Claimant had subjective complaints of pain, Dr. Laing found no objective complaints to support his complaint. (R.R. 71a.) A medical opinion that there is no abnormality to support a claimant's subjective symptoms, coupled with the opinion that the claimant has fully recovered and is able to return to work, is sufficient to support a termination of benefits. *Shepherd v. Workmen's Compensation Appeal Board*, 66 Pa.Cmwlth. 101, 443 A.2d 862 (1982).

■ Additionally, because the Employer prevailed in its termination petition, Claimant is not entitled to attorney fees as Employer had a reasonable basis for filing the petition. We also note that although Claimant contends that the WCJ did not issue a

---

1. This court's standard of review is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether the necessary findings of fact are supported by substantial evidence. *Southern Chester County Hospital v. Workmen's Compensation Appeal Board (Sinsheimer)*, 676 A.2d 315 (Pa.Cmwlth.1996).

reasoned decision in accordance with Section 422(a) of the Workers' Compensation Act[2] (Act), Claimant failed to raise this issue[3] in his petition for review filed with this court. Where a petitioner fails to raise an issue in the petition for review, it is considered waived and will not be addressed by the court. *Chene v. Workmen's Compensation Appeal Board (Giant Eagle, Inc.)*, 159 Pa. Cmwlth.229, 632 A.2d 1058 (1993), *petition for allowance of appeal denied*, 539 Pa. 639, 650 A.2d 53 (1994). As such we shall not address Claimant's argument as to whether the WCJ's decision was reasoned.

### CREDIT

██ Employer concedes that where a WCJ denies or fails to rule on an employer's supersedeas request, the employer's only recourse to recover payments, once its petition is subsequently granted, is through application to the supersedeas fund. However, Employer contends that where, as here, the supersedeas is granted and an overpayment occurs, the proper recourse is to take a credit. We disagree.

As previously stated, Claimant was overpaid $4,255.00. This is the amount paid by Employer from the date it requested a supersedeas through the date the last payment was made in accordance with the WCJ's granting of the supersedeas request. However, since its issuance of the NCP, Employer had been underpaying Claimant $34.66 per week.

In *Fahringer, McCarty & Grey, Inc. v. Workmen's Compensation Appeal Board (Green)*, 107 Pa.Cmwlth.597, 529 A.2d 56 (1987), the miscalculation of the claimant's average weekly wage went undetected for six years, resulting in an overpayment to the claimant in the amount of $18,320.07. This court, in reversing the Board and permitting the recoupment of money from the claimant, recognized the principle of unjust enrichment. Because of a mathematical miscalculation, the claimant received more than he

was entitled to receive. In this case, Claimant received *less* than he was entitled to receive. Although Employer was granted a supersedeas and ultimately prevailed on the merits, Claimant was entitled to receive the full amount of disability benefits due him.

Moreover, if we were to accept Employer's argument, other employers would have no incentive to accurately calculate a claimant's weekly wage. An employer who understated the weekly wage, would conceivably never have to pay the full amount of disability so long as the employer prevailed on a supersedeas petition. As such, the decision of the Board requiring Employer to compensate Claimant for past due disability benefits has a rational basis and we reject Employer's contention that by upholding the Board's decision the constitutionality of the Act is infringed. We agree with the Board that if an employer, based on an incorrect NCP, underpays the claimant, the employer must pay the claimant the amount owing. These are monies that should have already been received by the claimant. Moreover, none of the cases relied on by Employer have permitted an employer who is successful on one petition to offset an overpayment made by the employer against an underpayment made to the claimant. We also note, as stated in *Murphy v. Workmen's Compensation Appeal Board (Ames Dept. Store)*, 146 Pa.Cmwlth. 366, 605 A.2d 1297, 1300 (1992), "that '[w]hen there is an overpayment of compensation[,] relief must be obtained against the supersedeas fund. There is no authority to get reimbursement from the claimant.'" (citation omitted.)

Although Employer is not entitled to a credit, Employer had a reasonable basis for contesting the review petition. Moreover, although Claimant argues that penalties should be assessed against Employer, this issue is waived as it was not raised in the petition for review. *Chene.*

---

**2.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834.

**3.** Employer filed a motion to quash those portions of Claimant's brief which address counsel fees and penalties contending that Claimant failed to raise them in his petition for review. We decline to grant Employer's motion, as our opinion properly disposes of those matters.

Accordingly the decisions of the Board, granting Employer's termination petition and denying Employer a credit are affirmed.

## ORDER

NOW, February 20, 1997, the orders of the Workmen's Compensation Appeal Board at Nos. A94–1846 and A94–3521, dated January 10, 1996, are affirmed.

Moreover, Borda Construction's motion to quash the brief of Steve Borda is denied.