George LUCEY, Petitioner

v.

WORKMEN'S COMPENSATION APPEAL BOARD (VY–CAL PLASTICS & PMA GROUP), Respondents.

VY–CAL PLASTICS CORPORATION, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (LUCEY), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 4, 1997. Decided Oct. 17, 1997.

Lawrence D. Levin, Jenkintown, for petitioner.

Patricia A. Mattern, Philadelphia, for respondent.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and FLAHERTY, JJ.

SMITH, Judge.

The questions stated in this appeal are whether the Workmen's Compensation Appeal Board erred in affirming the referee's original award of benefits and his award of interest on past-due medical bills and whether the Board erred in its remand to the referee for a recalculation of counsel fees payable to counsel for George Lucey (Claimant). The remaining question is whether the Board erred in affirming a $30,000 recoupment award against Claimant's future weekly indemnity and medical benefits.

Claimant filed his claim petition on August 13, 1984 for compensation resulting from injuries caused by his exposure to chemicals during the course of his employment with VY–CAL Plastics Corporation (Employer).

The referee found that Claimant was totally disabled due to occupational injury and disease and awarded him compensation, payment of medical costs and counsel fees. The counsel fees were awarded on all past-due compensation, including weekly indemnity benefits and outstanding, unreimbursed medical bills. On appeal, the Board issued its decision in April 1989 affirming the award of compensation but modifying the referee's decision to allow Employer a credit for sick and accident benefits paid. The Board, however, remanded the case to the referee to recalculate the counsel fees, concluding that it was unconscionable to award counsel fees on medical bills.

In September 1990, while the remand was pending before the referee, Employer filed a petition for suspension or modification of compensation and to enforce subrogation rights, claiming a $30,000 credit and/or subrogation against Claimant's future benefits because he obtained funds that were payable to Suburban General Hospital. Claimant filed a penalty petition averring that Employer failed to pay interest on Claimant's award of medical bills. After hearings on the petitions, the referee issued a decision in December 1993 reaffirming the original award of compensation and granting counsel fees limited to 20 percent of the indemnity benefits.

The referee granted a $30,000 credit against Claimant's future indemnity and medical benefits; required a reimbursement to Employer of $35,109.27 for improperly awarded counsel fees on all medical expenses; found Claimant to be entitled to 10 percent interest on three medical bills; granted Claimant a 20 percent penalty on all past-due interest; and denied counsel fees on the penalty petition. On cross-appeals, the Board reversed the referee's denial of counsel fees on the penalty petition and otherwise affirmed his decision.[1]

1. The Board denied cross-petitions for supersedeas filed by Claimant and Employer. Cross-petitions for supersedeas before this Court were also denied by Senior Judge Kelton in his June 25, 1996 order. This Court's review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether constitutional rights were violated or whether an error of law was committed. *Russell v. Work-*

I.

First, Employer argues that the Board erred in affirming the original award of benefits because it was based on equivocal medical testimony, where Claimant's medical experts relied upon assumed facts and information not supported by the record. Employer contends that without the opinions of his medical witnesses, Drs. Nicholson and Raphael, Claimant failed to meet all of the elements necessary to prove his claim in accordance with *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). However, a review of the testimony indicates that the referee's original decision on the claim petition is supported by substantial, competent evidence and that the Board did not err in affirming the referee's decision to grant the claim petition.

■ Both parties argue, for different reasons, that the Board erred in its interest award. Claimant argues that the Board erred by limiting the award of interest on the medical bills. Claimant cites Section 406.1(a) of the Workers' Compensation Act (Act)[2] for the proposition that interest shall accrue on all due or unpaid compensation, and he argues that interest is calculated from the date when the sums are due. Interest on medical bills accrues, however, from the date the bills are presented for payment. *See Frymiare v. Workmen's Compensation Appeal Board (D. Pileggi & Sons)*, 105 Pa.Cmwlth. 325, 524 A.2d 1016 (1987), *appeal denied*, 518 Pa. 644, 542 A.2d 1372 (1988). Thus the referee correctly assessed interest from the dates that the bills were presented for payment (one on May 28, 1986, and two on February 4, 1988) until they were paid on February 21, 1989.

■ Employer argues that the Board erred in affirming the award of interest on past-due medical bills, where the referee

*men's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

2. Act of June 2, 1915, P.L. 736, *as amended*, Section 406.1 added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1(a).

failed to recognize a credit owed to Employer because, as of May 1986, all of Claimant's bills were covered by Blue Cross/Blue Shield and had been paid through Employer's plan. Employer concedes that interest may be payable from February 1988 to February 1989 when payment was made on the two bills presented in February 1988. The Court recognizes that an employer is entitled to a credit for sick and accident benefits paid against its workers' compensation liability. *Arbogast & Bastian, Inc. v. Workmen's Compensation Appeal Board (Bauer)*, 79 Pa. Cmwlth. 364, 468 A.2d 1220 (1984). However, Employer acknowledges that Blue Cross/Blue Shield had withdrawn its payment of Claimant's bills, leaving them unpaid. Therefore, Employer is not entitled to a credit in this regard.

■ The Board sua sponte remanded the 20 percent counsel fee award on past-due medical bills to the referee for a recalculation of those fees. Claimant argues that the Board erred in ordering this initial remand and that, on remand, the referee erroneously concluded that there was an agreement by Claimant's counsel that the fee arrangement did not include medical bills. The Court concludes that the Board erred in its remand of this matter to the referee because under Section 442 of the Act, 77 P.S. § 998, counsel fees may be approved by the referee provided that they do not exceed 20 percent of the compensation awarded. Furthermore, under Section 442 a referee has the authority to determine what constitutes a reasonable fee. *Pittsburgh Greentree Marriott v. Workmen's Compensation Appeal Board (McVay)*, 657 A.2d 1327 (Pa.Cmwlth.), *appeal denied*, 543 Pa. 699, 670 A.2d 145 (1995).

On appeal to the Board, neither Claimant nor Employer contested the reasonableness of the counsel fees awarded by the referee, and the Court has discerned no statutory authority entitling the Board to sua sponte reverse the referee's counsel fee award, finding the fees unconscionable, after the fees have been found to be reasonable by the referee. As a result, the Court holds that the Board abused its discretion in remanding this matter to the referee. Accordingly, the initial 20 percent counsel fee award is reinstated.

II.

■ The most troubling aspect of this appeal is the $30,000 recoupment claim. Claimant argues that the Board erred in affirming the referee's award of a $30,000 future credit against Claimant's weekly indemnity and medical benefits because of the negotiated settlement between Claimant and Suburban. Employer argues that Claimant would be unjustly enriched if he were allowed to retain the $30,000 overpayment, where he took an active role in creating the overpayment by negotiating a lesser amount with Suburban. Employer cites *Fahringer, McCarty & Grey, Inc. v. Workmen's Compensation Appeal Board (Green)*, 107 Pa.Cmwlth. 597, 529 A.2d 56 (1987), to support the position that Employer is entitled to restitution of this sum based on principles of unjust enrichment.

Under Section 306(f.1) of the Act, 77 P.S. § 531, an employer is obligated to pay all reasonable medical bills incurred by an injured employee. Here, Suburban's charge for its medical services to Claimant was $175,546.32, from which $35,109.27 was deducted for Claimant's counsel fees and the remaining $140,437.05 paid by check made payable to Claimant and Suburban. According to the Board's order, Employer was statutorily responsible for payment of the full $175,546.32. After receiving the check made payable to Claimant and Suburban, Claimant's counsel then contacted Suburban and negotiated a $30,000 reduction in the remaining $140,437.05 payable to Suburban; Suburban apparently agreed to accept $110,437.05 in full payment of its claim for services rendered. Claimant retained the $30,000.[3]

In *Fahringer* the claimant received an overpayment of compensation that was undetected for six years, resulting in a total overpayment in excess of $18,000. The employer

---

**3.** It has been suggested by Claimant that the lesser sum accepted by Suburban resulted from the negotiating skill and effort of Claimant's counsel as opposed to the commission of any fraud or subterfuge by Claimant. This suggestion certainly bears some merit in view of the complicated facts in this case.

was granted a credit even though there was no evidence nor indication that the overpayment was based upon fraud by the claimant. Claimant argues that *Fahringer* is inapplicable because it concerns the modification of a supplemental agreement and the application of equitable principles in the form of a restitution order by the Board, and the *Fahringer* court distinguished situations where there are mathematical miscalculations correctable by the Board. Ordinarily, the Court's holding in *Fahringer* would resolve the issue, and the Court would be compelled to affirm the Board. However, other recoupment cases and equitable principles must be considered by the Court in arriving at a just decision in this case.

In *W & L Sales Co., Inc. v. Workmen's Compensation Appeal Board (Drake)*, 123 Pa.Cmwlth. 158, 552 A.2d 1177 (1989), *aff'd*, 524 Pa. 591, 574 A.2d 603 (1990), the claimant received over $9,000 in an overpayment of total disability benefits after he returned to work. The employer sought to recoup the overpayment against future compensation payments, relying on *Fahringer* and *General v. E. Roseman Co.*, 21 Pa.Cmwlth. 72, 343 A.2d 683 (1975).[4] The Court rejected the employer's recoupment claim, stating that the supersedeas fund provides protection to an insurer who makes an overpayment of compensation and that recoupment under these circumstances would undermine the benevolent purposes of the Workers' Compensation Act. *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Allstate Ins. Co.)*, 96 Pa.Cmwlth. 566, 508 A.2d 388 (1986), *appeal denied*, 514 Pa. 632, 522 A.2d 560 (1987). Employer, here, readily concedes that it may not seek a recoupment through the supersedeas fund because it has not made an overpayment of compensation.

In *Murphy v. Workmen's Compensation Appeal Board (Ames Dep't Store)*, 146 Pa.

Cmwlth. 366, 605 A.2d 1297 (1992), the claimant repaid the insurer for an overpayment of benefits received due to her return to work. The Court agreed with the referee's conclusion that no statutory authority exists for reimbursement or recoupment from a claimant who receives an overpayment. The employer never sought a supersedeas. The case was remanded to the Board to compute the amount repaid by the claimant to the insurer so that an order could be entered to reimburse the claimant for the sums she repaid and interest added accordingly.

In *Borda Construction v. Workmen's Compensation Appeal Board (Borda)*, 689 A.2d 1005 (Pa.Cmwlth.1997), the Court reiterated the principle stated in *Murphy* that no authority exists for an insurer to obtain reimbursement of an overpayment from a claimant. The claimant in *Borda Construction* was overpaid $4,255, representing the amount the employer paid from the date it requested a supersedeas through the date of its last payment pursuant to the WCJ's order granting supersedeas. Even though the employer prevailed on the merits, the Court held that the claimant was nevertheless still entitled to receive the full amount of past-due benefits resulting from underpayments made by the employer prior to the WCJ's order granting the supersedeas. Compare *General* where the claimant received a $7,000 lump-sum payment for 175 weeks of future disability payments. Before the period expired, the claimant filed a petition for reinstatement. To avoid a double recovery, the Court allowed a credit for the lump-sum payment against all future compensation.

In spite of the holding in *Fahringer*, the Court is persuaded that the holdings in *W & L Sales Co., Murphy* and *Borda Construction* are readily dispositive of the recoupment issue here. Thus Employer may not recoup the $30,000 overpayment from Claimant inasmuch as no separate authority exists for it to

---

4. In *W & L Sales* the Court expressed a reluctance to approve unjust enrichment to a claimant but noted that neither *Fahringer* nor *General* involved the possibility of a supersedeas fund recovery under Section 443 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 999. Ostensibly, that was so because the insurers could not demonstrate that they paid

compensation after a request for supersedeas was denied and that upon a final outcome of the proceedings, no compensation was payable. Although in *Fahringer* the Court noted that the Board's power to award restitution is not unlimited, the Board is not precluded from employing certain equitable principles.

do so, and there is no logical basis for the Court to employ equitable principles to require restitution under these facts. On that final point, the doctrine that one may not seek equity unless one has clean hands ultimately precludes Employer from prevailing in this case. *Giddings v. State Board of Psychology*, 669 A.2d 431 (Pa.Cmwlth.1995).

■ The "clean hands" doctrine bars relief where a party's wrongdoing directly affects the relationship between the parties and is directly connected to the case in controversy. *Id.* Employer continually failed to pay the past-due interest on medical bills ordered by two referees, both affirmed by the Board and by this Court's order denying supersedeas. Employer does not maintain that it invokes equity with clean hands or that the $30,000 overpayment should be returned to Suburban. Instead, Employer seeks a windfall or a reduction in the amount that it was statutorily required and ordered to pay.

The Court, therefore, concludes that the Board's order shall be reversed in part to reflect that Claimant's counsel is entitled to counsel fees in the amount of 20 percent of all compensation payable, including the unreimbursed and outstanding medical bills, and that counsel is not required to reimburse the counsel fee award of $35,109.27. The Court also reverses that part of the Board's order affirming the $30,000 credit to Employer. This matter shall be remanded to the Board to remand to the referee (now WCJ) to enter an appropriate order to reimburse Claimant for any and all sums deducted from his weekly indemnity and medical benefits to recoup the $30,000 credit to Employer. The Board's order is affirmed in all other respects.

### ORDER

AND NOW, this 17th day of October, 1997, the order of the Workmen's Compensation Appeal Board is reversed to reflect that Claimant's counsel is entitled to 20 percent counsel fees of all compensation due, including outstanding, unreimbursed medical bills, and counsel is not required to reimburse the $35,109.27 previously awarded. Further, the Court reverses that part of the Board's order affirming the $30,000 credit to Employer.

This matter is remanded to the Board for an appropriate order to reimburse Claimant for any and all sums deducted from his weekly indemnity and medical benefits. In all other respects, the Board's order is affirmed.

Jurisdiction relinquished.

DOYLE, J., concurs and dissents in an opinion in which McGINLEY, J., joins.

LEADBETTER, J., did not participate in the decision in this case.

DOYLE, Judge, concurring and dissenting.

I respectfully dissent from the majority's decision to reverse that part of the order of the Workmen's Compensation Appeal Board affirming the WCJ's award of a $30,000 credit to Employer against Claimant's future indemnity and medical benefits. This award resulted from Claimant receiving an unjust enrichment of $30,000 when Claimant's counsel negotiated a reduction in medical bills of $140,000 payable to Suburban General Hospital. Counsel for Suburban testified that he conferred with Claimant's counsel who suggested that for Suburban to obtain its money, Suburban would have to negotiate a settlement of the sum due. Counsel ultimately agreed upon a $110,000 settlement of Suburban's claim, and after signing Employer's insurance carrier's $140,000 check made payable to Claimant and Suburban, Claimant received a check for $30,000 from Suburban.

I agree with the Board's decision that counsel for Claimant acted without the consent of Employer or its insurance carrier in negotiating a settlement with Suburban and that the $30,000 additional payment represented an unjust enrichment and a windfall to Claimant. Likewise, I agree with Employer that this Court's *en banc* decision in *Fahringer, McCarty & Grey, Inc. v. Workmen's Compensation Appeal Board (Green),* 107 Pa.Cmwlth. 597, 529 A.2d 56 (1987), is dispositive of this appeal.

In *Fahringer,* we allowed recoupment, under the unjust enrichment theory, of an overpayment of disability benefits due to a miscalculation of the average weekly wage, which had gone undetected for approximately six years. We recognized as precedent our

decision in *General v. E. Roseman Co.*, 21 Pa.Cmwlth. 72, 343 A.2d 683 (1975), where we applied the principle of unjust enrichment in workmen's compensation law. In *General*, the employer offered its injured worker a lump-sum payment of $7,000 representing pre-payments of total disability benefits. The Court assumed, for purposes of argument, that the lump-sum payment was illegal. Despite this assumption, however, we nevertheless allowed the employer a full credit because the Workmen's Compensation Act does not authorize a double recovery of benefits. In *Fahringer*, we then stated, "the simple fact is that Claimant received more than $18,000 to which he was not entitled. Certainly, if an employer who entered into an illegal agreement is entitled to restitution based on principles of unjust enrichment [*General*], the instant Employer, who pursues his right to credit with clean hands, must also be entitled to restitution." *Id.* 529 A.2d at 58.

Similarly, in the case presently before us, Claimant received $30,000 to which he was not entitled. However, unlike the claimant in *Fahringer,* Claimant in this case, through his counsel, actually participated in the act that resulted in him receiving the additional money. Based on the principles of unjust enrichment, Employer is clearly entitled to the $30,000 credit against Claimant's future benefits.

Indeed, the majority states that "[o]rdinarily, this Court's holding in *Fahringer* would resolve the issue, and the Court would be compelled to affirm the Board." The majority then fails to offer any reason why *Fahringer* does not control the outcome of this case. Instead, it concludes that "other recoupment cases and equitable principles must be considered by the Court in arriving at a just decision in this case."

In reversing the Board, the majority relies on three decisions by this Court, all of which are distinguishable. It first cites *W & L Sales Co. v. Workmen's Compensation Appeal Board (Drake)*, 123 Pa.Cmwlth. 158, 552 A.2d 1177 (1989), in which we concluded that

the employer had to seek reimbursement of overpayments from the Supersedeas Fund [1] instead of obtaining a credit from Claimant's future payments of compensation. Unlike Employer in the case *sub judice*, the employer in *W & L Sales Co.* requested a supersedeas, which was denied. In holding that the employer could not take a credit against future compensation payments, we distinguished *Fahringer* and *General* in that those cases did not involve the possibility of a supersedeas fund recovery. Rather, we found our decision in *Santarelli v. Workmen's Compensation Appeal Board (Patrick Dougherty Construction)*, 113 Pa.Cmwlth. 281, 537 A.2d 894 (1988), in which we held that the employer must be reimbursed from the supersedeas fund, to be the most closely analogous to the facts in *W & L Sales Co.*, because that case did involve a petition for supersedeas which had also been denied.

In contrast to *W & L Sales Co.*, the instant matter does not involve the possibility of a supersedeas fund recovery, as the majority concedes. Therefore, I believe that our decision in *W & L Sales Co.* is completely inapposite.

Likewise, the majority concludes that, in addition to *W & L Sales Co.*, our decisions in *Murphy v. Workmen's Compensation Appeal Board (Ames Department Store)*, 146 Pa. Cmwlth. 366, 605 A.2d 1297 (1992) and *Borda Construction v. Workmen's Compensation Appeal Board (Borda)*, 689 A.2d 1005 (Pa. Cmwlth.1997), are "readily dispositive of the recoupment issue here."

In *Murphy*, the claimant received an overpayment of compensation which resulted due to her return to work. The employer in *Murphy* did not request a supersedeas. Judge Alexander Barbieri, writing for a panel of this Court, agreed with the referee's conclusion that "[w]hen there is an overpayment of compensation[,] relief must be obtained against the supersedeas fund." 605 A.2d at 1300. Thus, this Court determined in *Murphy* that the employer was not entitled to reimbursement from the claimant be-

---

1. Section 443 of the Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as* *amended*, 77 P.S. § 999.

cause the supersedeas fund had been available to the employer, had it bothered to apply, for the overpayment.

In contrast, the $30,000 at issue in the present matter was neither an overpayment nor a mistake. Rather, it was the result of a "settlement" negotiated by Claimant's counsel after Employer's insurance carrier had sent a check to Claimant's counsel for the costs of Suburban's medical services to Claimant. Clearly our decision in *Murphy* does not preclude this Court from preventing Claimant from receiving such a windfall.

Nor is *Borda Construction* dispositive of the issue at hand. In *Borda Construction*, we held that the employer, who underpaid the claimant due to an incorrect notice of compensation payable, owed the claimant the entire amount that was underpaid and was not entitled to an offset for the amount of an overpayment resulting from the grant of employer's supersedeas request. In holding that where a supersedeas is granted *and* an overpayment occurs, the proper recourse is to take a credit, we distinguished *Fahringer* in that the miscalculation of compensation resulted in the claimant in that case receiving more than he was entitled to, whereas in *Borda Construction*, the claimant received less than he was entitled to receive. We stated, "[a]lthough Employer [Borda] was granted a supersedeas and ultimately prevailed on the merits, Claimant was entitled to receive the full amount of disability benefits

due him." *Borda Construction*, 689 A.2d at 1008.

Because Claimant in this case received more than he was entitled to, I believe that, under the very language in *Borda Construction*, *Fahringer* is the controlling precedent for this Court to follow in the instant matter. Where, as here, there is no possibility for Employer to recover from the supersedeas fund, the funds at issue are not in any way an overpayment or a mistake, and Claimant would be unjustly enriched if he retains the additional money, I believe that Employer is entitled to the $30,000 credit against Claimant's future indemnity and medical benefits.

I would, therefore, affirm the Board on the $30,000 recoupment issue; however, the case should be remanded for the Board to determine an appropriate schedule for recoupment of those funds in an amount that Claimant can manage, giving proper consideration to his financial circumstances. I join in the majority opinion on all other issues decided.

McGINLEY, J., joins this concurring and dissenting opinion.